163 So.2d 121 (1964)
Ellis Leon McKAY, d/b/a Houston Welding & Press Company, Plaintiff-Appellee,
v.
Dr. Donald R. VESLEY, Defendant-Appellant.
No. 1119.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1964.
*122 Mouser & Mouser, by Holmes Mouser, Oakdale, for defendant-appellant.
William C. Boone, Leesville, for plaintiff-appellee.
Before TATE, FRUGE and SAVOY, JJ.
SAVOY, Judge.
Defendant has appealed suspensively to this Court from a judgment of the district court condemning him to pay to plaintiff the sum of $759.22, together with legal interest from judicial demand and all costs incurred in the lower court.
The record reflects that VNT Development Corporation owned a caterpillar tractor, and that Dr. Donald R. Vesley is president of said corporation. The operator of the tractor involved in the instant case and an employee of the above named corporation discovered that one of the rollers on the tractor was broken. He contacted plaintiff who lived in Houston, Texas, but was in Oakdale, Louisiana, at the time the roller on the tractor broke. Plaintiff's occupation or trade was that of repairing tractors. The employee of the corporation suggested that plaintiff contact *123 Dr. Donald R. Vesley, defendant herein, who was president of the corporation, so as to receive authority from the doctor to make the repairs.
Plaintiff contacted defendant by telephone, and while there is a conflict in the testimony, the trial judge concluded that defendant had authorized the repairs to said tractor. He also found as a fact that defendant did not disclose to plaintiff that the tractor was owned by the corporation prior to making the repairs. Plaintiff then proceeded to repair the tractor. He found that other rollers were in need of repair, and he proceeded to make the necessary repairs to place the caterpillar in good running order. The evidence further reflects that the repairs made by plaintiff were necessary, and that the charges for said repairs were reasonable.
Defendant filed certain pleas and exceptions which were overruled by the trial court. Counsel for defendant, in oral argument and brief before this Court, does not seriously contend that the trial court was in error in overruling the said pleas and exceptions. This Court is of the opinion that the exception to the jurisdiction ratione personae, motion for joinder of indispensable party defendant, and the exception of no right of action were properly overruled by the trial judge.
The principal defense in this case is that defendant should not be held personally responsible because the tractor is owned by the corporation, and that he is only an officer of said corporation and cannot be held responsible for its debts. The record reveals that as president of the corporation, defendant had the authority to contract on its behalf. Had he made a disclosure to plaintiff during their initial telephone conversation that he was acting on behalf of the corporation, he would have been absolved of personal liability in the instant case. For some unknown reason, he did not choose to disclose this information.
The general rule of law governing the instant case is found at 3 C.J.S. verbo Agency § 216 a, b and c, as follows:
"a. Necessity for Disclosure
"An agent contracting as principal is personally liable; if he contracts as agent for an undisclosed principal, he will be personally liable unless there is a mutual intention of the parties to the contrary.
* * * * * *
"b. Time of Disclosure
"The principal must be disclosed before the contract is entered into or before liabilities are incurred.
* * * * * *
"c. Sufficiency of Disclosure
"The agent should give adequate notice of the identity of his principal, but he need not disclose his name, if he is sufficiently identified in some other manner."
Since defendant did not comply with any of the rules of law cited above, the district court correctly decided that defendant was personally liable to plaintiff in the instant case.
As pointed out by the district judge in his written opinion, defendant has a cause of action against the corporation.
When the instant case was called for argument before this Court, counsel for defendant attempted to introduce an affidavit signed by him. Attached to the affidavit was a statement made by Johnny Liljeberg that he was in the office of the defendant when the telephone rang; that defendant answered it, and thereafter there was a discussion by defendant with some unnamed party concerning the repairs on a tractor. Counsel for plaintiff objected to its filing and introduction as evidence in this Court. We are of the opinion that the objection was well taken. This Court can only decide the case on the evidence *124 introduced in the district court. Board of Commissioners, etc. v. St. Landry Parish School Board, 242 La. 285, 136 So.2d 44; and Dark v. Brinkman (La.App., 3 Cir., 1962), 136 So.2d 463. Counsel for defendant has not filed a motion that we remand the case for the purpose of introducing additional evidence. There is nothing in the affidavit that requests a remand. Further, had appellant filed a motion to remand, there is insufficient showing to justify such. Brown v. Dauzat (La.App., 3 Cir., 1963), 157 So.2d 570.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.