CHASEZ, Judge.
Plaintiff, Augustine Bibbins, instituted this suit to recover total and permanent disability benefits, penalties and attorney’s fees, under the Workmen’s Compensation Statute. Defendant herein, Employers Liability Assurance Corporation Ltd., is the insurer of Richard’s Restaurant, plaintiff’s former employer.
After a trial on the merits, the Court below rendered judgment for the plaintiff awarding her disability benefits of $19.50 per week for 400 weeks but denied plaintiff’s prayer for penalties and attorney’s fees.
Plaintiff appeals from this judgment insofar as it failed to award her penalties and attorney’s fees. The defendant did not appeal or answer the appeal. Therefore, the only issue before this Court is whether the ruling of the Court below was erroneous in not awarding statutory penalties and attorney’s fees.
The record reflects that plaintiff was employed by Richard’s Restaurant as a dishwasher for a period of approximately eighteen months before the accident. On July 11, *36 1963, plaintiff stepped on a grease trap cover which gave way. Her leg went into the grease trap up to the knee, and she fell backward to the floor and sustained injury to her back and leg. Her employer, Mr. Estopinal, immediately entered the room and was aware of the accident. Plaintiff continued working that day and the following day. On July 13, 1963, plaintiff complained of pain in her back and leg to her employer who sent her to Flint-Goodrich Hospital where she was referred to Dr. Joseph Braud who examined and treated her. She did not work thereafter. Since workmen’s compensation benefits were not forthcoming, plaintiff retained the services of an attorney who wrote a demand letter to Richard’s Restaurant, dated July 31, 1963. Upon this provocation the employer reported the accident to his insurer, the defendant herein.
The record reflects that on August 6, 1963, the defendant assigned an adjuster to this case for investigation. On August 7, 1963, the adjuster was satisfied that an accident had occurred and knew that plaintiff had requested medical attention and had been sent to Flint-Goodrich Hospital, yet he did not check with the hospital to determine her medical condition or to determine whether she was treated.
In September, 1963, defendant received the medical report of Dr. Braud. Despite the fact that approximately 75 days had elapsed since the accident occurred and the medical reports indicated she was disabled, defendant failed to begin compensation payments.
On October 19, 1963, plaintiff was examined by defendant’s doctor whose report stated that plaintiff had sustained a sprain and was still suffering from the injury. This report was received by defendant and though aware of plaintiff’s condition, it still failed and refused to pay compensation. Some time during the month of November negotiations were instigated for a compromise of the matter. These negotiations resulted in a tentative compromise for the sum of $1,~ 500.00. However, before submission to the Court for approval, in accordance with law, the plaintiff withdrew from the agreement. On May 21, 1964, the suit of appellant was tried which resulted in a judgment for the plaintiff on the merits awarding her compensation for 400 weeks but rejected her claim for penalties and attorney’s fees.
Failure to pay or tender an amount due as disability benefits is arbitrary and unreasonable so as to require the imposition of statutory penalties and attorney’s fees when such failure is without legal basis and there is no serious question on the merits that the employee is entitled to payment of such compensation benefits. Fruge v. Hub City Iron Works, Inc., 131 So.2d 593 (La.App.1961) and cases cited therein.
The defendant asserts the dilatory action of plaintiff’s attorney as a reason for not beginning compensation payments. In this case it may be true that the medical reports were not forwarded to the defendant as quickly as they could have been. However, the defendant did have sufficient medical evidence in September from the treating physician to which the employer had sent plaintiff, and in November a further report of an examination by a physician selected by the defendant. At this time surely compensation could have been instigated; however, it was not.
The next contention is that the negotiations for compromise excused defendant from beginning compensation; however, an offer of a sum in compromise by acceptance of which the plaintiff would be required to release his claim for a greater amount of compensation alleged to be due, is not a tender such as will relieve the defendant-insurer from the assessment of penalties for the arbitrary nonpayment of compensation undoubtedly due. Fruge v. Hub City Iron Works, supra. We do not think the compensation negotiations in this case in any manner relieved the defendant from beginning compensation payments since it is. clear that the given offer was much less than that which was due.
*37 The record discloses no reason for the defendant to withhold payments from the plaintiff for a number of months after the occurrence of the accident. The purpose of the law to give immediate minimum weekly income to an injured employee is defeated when the employer or his insurer in such cases is permitted to withhold payments from a needy employee whether in the hope of forcing him to accept a compromise to the advantage of the insurer or not. Insurers who elect to follow such a course must do so at the risk of incurring penalties when such action is capricious or without reasonable cause. Compromise or lump-sum settlements, subject to Court approval, are not to be discouraged, but where the accident and injury are undisputed, weekly compensation should begin promptly.
The defendant next contends there was a serious issue on the merits as to the happening of the accident, the resultant injuries and whether the injuries were caused by the alleged accident. We cannot agree with this contention. There was clearly no issue as to the happening of the accident for the employer testified to the occurrence. The trial judge held that it was difficult to ascertain whether the accident caused particular injuries but after a review of the record we are in disagreement with him. All the doctors who testified believed that the accident did aggravate the condition of the plaintiff’s back. This conclusion was arrived at even though there was a possibility of a pre-existing back condition. In short, from our review of the record, we do not think there was a serious issue regarding the occurrence of the accident or the injuries sustained by the plaintiff.
We are of the opinion that the action of defendant in failing and refusing to pay compensation to plaintiff was arbitrary and capricious and justifies the imposition of statutory penalties and attorney’s fees under LSA-R.S. 22:658. The attorney’s fees to be assessed under this statute shall be reasonable. In this case we think a reasonable attorney’s fee would be the sum of $1,000.00.
Therefore, for the foregoing reasons, the judgment of the Court a qua rendered and signed on May 26, 1964, insofar as it denies plaintiff’s demand for attorney’s fees and penalties is reversed and set aside, and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff and against defendant, Employers Liability Assurance Corporation Ltd., assessing the 12% penalties provided by law on the total amount of workmen’s compensation due plaintiff at the time of rendition of the judgment of the Court a qua, and attorney’s fees in the sum of $1,000.00. All costs to be paid by defendant.
Reversed in part; amended and affirmed.