193 So.2d 816 (1966)
Adam PLAISANCE, Plaintiff-Appellee,
v.
COLLINS INDUSTRIES, INC., and Hardware Mutual Casualty Company, Defendants-Appellants.
No. 6818.
Court of Appeal of Louisiana, First Circuit.
December 19, 1966.
Rehearing Denied January 30, 1967.
Writ Refused February 24, 1967.
*817 Daniel R. Atkinson, of Dale, Richardson & Dale, Baton Rouge, for appellants.
Charles Wm. Roberts, of Burton, Roberts & Ward, Baton Rouge, Glynn A. Long, Donaldsonville, for appellee.
Before LOTTINGER, REID and SARTAIN, JJ.
SARTAIN, Judge.
This is an appeal by an employer and its insurer who were cast in judgment for statutory penalties and attorney's fees incidental to a claim for workmen's compensation by an injured employee. The facts *818 in this case are undisputed. Plaintiff, Adam Plaisance, contracted an occupational lung disease known as bagassosis. By May 5, 1964, this disease had developed to the point where he was totally disabled. On July 15, 1965, Hardware Mutual Casualty Company, hereinafter referred to as Hardware, received its first notification of the disease, on one of its own forms styled "EMPLOYER'S FIRST REPORT OF INJURY". Shortly thereafter Hardware received the medical report of Dr. Schexnayder, dated July 29, 1964. Which report was on its form styled "WORKMEN'S COMPENSATION PHYSICIANS OR SURGEONS FIRST REPORT", which contained the diagnosis as "bagessetosis" (sic). Hardware then began making compensation payments, sending first a lump sum payment of sixteen weeks at the rate of $32.50, based on the employer's report that plaintiff earned $50.00 per week, and continued weekly payments at this rate until December 29, 1964, when they ceased making payments "for lack of medical evidence to support any continued disability of plaintiff".
Defendant, Hardware made numerous requests for a report from Dr. Blitz, a specialist on the disease known as bagassosis to whom plaintiff was referred by Dr. Schexnayder. When the report was received from Dr. Blitz on March 26, 1965, Hardware entered into negotiations with plaintiff in hopes of a compromise settlement. On April 12, 1965, they offered plaintiff $1750.00. Plaintiff neither accepted nor rejected this offer, saying that he wanted to discuss it with someone. He then employed counsel, who on April 29, 1965, advised Hardware that the claim could be settled for $8000.00. Hardware then increased its offer to $3000.00. This was rejected, and on May 7, 1965, this suit was filed.
At about the same time, Hardware decided that the claim could not be settled, and on May 11, 1965, it requisitioned a check to cover the payments from December 29, 1964, the date payments were halted, through May 17, 1965, on the basis of $32.50 per week. Hardware contends that at the time this action was taken it had no knowledge that the suit had been filed.
Hardware continued sending weekly checks for $32.50 until August 29, 1965, when it sent a check bringing all payments up to the amount of $35.00. This error in calculation, according to Hardware, was occasioned by the employer's report which showed the plaintiff's weekly wages as $50.00. After counsel for plaintiff advised Hardware and furnished appropriate authorities that computation for compensation should have been on the basis of a six day week instead of a five day week, the error was corrected on August 29, 1965, bringing all payments due at that time up to the sum of $35.00 per week. The trial judge stated in his written reasons for judgment that the proof of capriciousness or arbitrariness with respect to this feature of the case was insufficient and penalties were not based thereon.
Hardware filed an exception of prematurity which was heard and overruled. Thereafter, defendants filed an answer admitting liability for the compensation claim, but denied liability for penalties and attorney's fees. It was stipulated by counsel for plaintiff and counsel for defendants that certain medical reports would be accepted as testimony of the authors and that the testimony and evidence offered at the trial of the exception of prematurity be introduced and filed in evidence in connection with the trial on the merits, and accordingly the matter submitted on the merits on briefs to be subsequently filed.
The trial judge rendered judgment in favor of the plaintiff for workmen's compensation at the rate of $35.00 per week for the duration of his disability, not to exceed 400 weeks, commencing May 5, 1964, with credit for the sum of $32.50 per week paid from May 5, 1964, to December 28, 1964, together with legal interest on all past due sums from due date until paid, plus all costs, plus penalties of 12% on *819 $35.00 per week from December 28, 1964, on all payments overdue more than sixty days and on those which in the future become overdue for more than sixty days plus attorney's fees in the sum of $2500.00, with the right reserved to plaintiff to claim future medical expenses up to the statutory maximum less medical expenses previously paid by defendants.
Appellants contend that the trial judge erred in the following respects: (1) deciding this case under authority of LSA-R.S. 23:1201.2; (2) awarding plaintiff penalties, interest and attorney's fees in violation of the requirements of LSA-R.S. 22:658; in the alternative, (3) awarding 12% penalties from December 28, 1964 on all payments overdue more than sixty days; and, (4) granting excessive attorney's fees.
As to the first assigned error the trial judge obviously referred to the wrong statute. R.S. 23:1201.2, by its terms applies only to employers whose liability for workmen's compensation claims is not covered by insurance. R.S. 22:658 is in fact the applicable statute. These two statutes are practically the same in their provisions, being different, for the purpose of this case only in that the former applies to uninsured employers and the latter to insurers. Under the analysis of the trial court the result would have been the same had the applicable statute been applied. Plaintiff's petition did not recite the applicable provision but is otherwise specific in its allegations and prayer for relief. Accordingly, this contention by appellants is without merit.
It is essential to the resolution of this issue to determine whether the effective date for the commencement of the running of the sixty day period is December 28, 1964 as found by the trial judge and contended by the plaintiff; or, the date of March 26, 1965, the date of receipt of Dr. Blitz's report as urged by appellants. Compensation payments were resumed on May 11, 1965, more than sixty days after December 28, 1964, but within sixty days of March 26, 1965.
The trial judge's decision that the effective date for the commencement of the sixty day period is December 28, 1964 is correct and fully supported by the record. It was on this date that compensation payments were discontinued. Appellants urge they were within their rights to suspend payments on December 28, 1964 when plaintiff had failed to furnish them with proof of loss. We believe this contention is without merit. The original employer's first report of injury and physician's first report were ample notice. See Daigle v. Great American Indemnity Co., La.App., 70 So.2d 697. Pursuant to these two reports, Hardware commenced payments and continued the same for a total of 34 weeks. While the surgeon's first report contained a statement that it could not be determined how long plaintiff would be unable to work and that plaintiff's injury would probably result in no permanent disability, nothing is contained therein which would permit Hardware to assume that plaintiff had recovered and was capable of resuming his employment. Any indefiniteness as to the length of disability contained in the above reports must be resolved against Hardware because at the time payments were discontinued its claims examiner admitted knowing that plaintiff was still being seen and treated by Dr. Blitz.
It was not until after Hardware had made the decision to discontinue payments and had in fact done so that they notified plaintiff of the reason therefor. The record does not contain the number of times or the dates requests were made of Dr. Blitz by them for a report. However, it is apparent to us that Hardware's purpose in discontinuing payments to plaintiff was to provoke receipt of a report from Dr. Blitz.
When Dr. Blitz's report was finally received on March 26, 1965, Hardware could have avoided this litigation by immediately resuming compensation payments. This report in fact corroborated and continued *820 the original diagnosis contained in the physician's first report. The trial judge found that Hardware's offer to plaintiff to settle his claim of total permanent disability for a sum of $1750.00 was further evidence of its arbitrariness and capriciousness. It is significant to us that this offer to compromise for a sum so inadequate was the act which led plaintiff to employ counsel.
An insurer may well be within their rights in certain cases to discontinue weekly compensation payments to an injured employee. This may be done when an employee refuses to submit to reasonable medical examination or treatment, or do such other things as would reasonably assist in his recovery. However, when compensation payments are commenced and continued under the original accident and physician's report and the insurer desires subsequent and more up to date medical information a request should be made of the injured employee. This is particularly true in the case where the employee's attending physician fails or refuses to submit timely the desired subsequent medical information. When the continuance of compensation payments is conditioned upon the receipt of subsequent medical reports reasonable notice must be given to the employee of this fact so as to place fairly on the employee the responsibility for seeing to it that his doctor furnishes the desired reports. No such request was made of or notice given to plaintiff until after the compensation payments had ceased.
It was not necessary for plaintiff or plaintiff's counsel to again make demand on Hardware for resumption of compensation payments. Hardware advised plaintiff and his wife on February 25, 1965, that when Dr. Blitz's report was received and continued disability indicated compensation payments be resumed. Instead of resuming said payments Hardware elected to negotiate. They did so at their risk. See Elmore v. Employers Liability Assurance Corp., La.App., 173 So.2d 34.
Counsel for appellants argue that the trial court erred in allowing 12% penalties on "$35.00 per week from December 28, 1964, on all payments overdue more than sixty days". And further ask in their brief, "does this mean penalties would be assessable from February 28, 1965, through date of judgment or from February 28, 1965 through May 13, 1965, the date payments were resumed?" The judgment signed tracks the language of the trial court's written reasons. The applicable portion of the judgment provides, inter alia: "plus penalties of 12% on $35.00 per week from December 28, 1964, on all payments overdue more than sixty days and on those which in the future become overdue for more than sixty days * * *". Our interpretation of the above language is that plaintiff is entitled to receive 12% penalties on $35.00 per week from December 28, 1964 until May 13, 1965, the date payments were resumed. Each and every payment due during these dates were in fact overdue more than sixty days. Counsel for appellants urge that the sixty day period would not commence to run until after receipt of the March medical report. This contention is without merit for as stated above Hardware did in fact arbitrarily discontinue making the weekly compensation payments on December 28, 1964.
The last error urged by appellants is that the sum of $2500.00 awarded as attorney's fees was excessive. We have reviewed the cases awarding attorney's fees and have concluded that much discretion is allowed the trial judge in fixing the same. Even though this case was not tried on the merits, there was a trial and evidence taken on the exception of prematurity. We cannot say that the trial judge abused his discretion in fixing the amount of attorney's fees herein in the sum of $2500.00 and accordingly the judgment in this respect is affirmed. For the above and foregoing reasons the judgment of the trial court is affirmed as rendered and the defendant is herewith cast for costs.
Affirmed.