258 So.2d 219 (1972)
Lee R. CENTANNI, M.D.
v.
A. K. ROY, INC.
No. 4793.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 1972.
Rehearing Denied March 7, 1972.
*221 C. James Gelpi, Cameron C. Gamble, New Orleans, for Lee R. Centanni, M.D.
Sydney J. Parlongue, Philip R. Riegel, Jr., New Orleans, for A. K. Roy, Inc. and J. Folse Roy.
Before CHASEZ, REDMANN, and BOUTALL, JJ.
CHASEZ, Judge.
Plaintiff, Dr. Lee R. Centanni, instituted this suit against the defendant, A. K. Roy, Inc., a real estate agency or brokerage company, for a return of $850.00, attorney's fees and costs. The sum of $850.00 represents the amount allegedly due as a penalty for the alleged non-performance of an agreement to sell and convey certain real estate. Plaintiff's petition was later supplemented and amended to include J. Folse Roy personally as a defendant.
After trial on the merits, judgment was rendered in the First Parish Court, Jefferson Parish, dismissing plaintiff's suit. From this adverse judgment plaintiff has appealed.
On March 30, 1967 plaintiff signed a written agreement to purchase a lot in Jefferson Parish for $8,500.00 and made a deposit of $850.00. The agreement was accepted by A. K. Roy, Inc. and signed by plaintiff, B. Tabony, salesman for A. K. Roy, Inc., and J. F. Roy, President of A. K. Roy, Inc. The sale was to pass before Roy Price, as notary named in the agreement, on April 25, 1967.
The day after the agreement was signed, J. F. Roy forwarded a copy of title to the lot and a statement showing that Jeff, Inc. was the owner of the property. On the day set for the sale, plaintiff appeared at the Notary's office but the seller did not. Plaintiff then prepared and signed a document to allow an extension of time for the passage of the act of sale but the vendor did not sign it and denies any knowledge of the extension. Suffice it to say that at no time has the vendor appeared before a notary with plaintiff to transfer the lot in question to plaintiff. However, the evidence shows that although Jeff, Inc. claimed it could not sell the property in April or May of 1967 it was subsequently sold by Jeff, Inc. under an agreement arranged in September of 1967.
A return of plaintiff's deposit, held by Price, was made. Plaintiff then made demand on J. F. Roy for an additional $850.00 which constitutes double the deposit as contained within the agreement to sell. Defendant has denied liability.
Plaintiff asserts that A. K. Roy, Inc. and J. F. Roy are liable to the plaintiff, as principal or as agent for an undisclosed principal, under the agreement entered into in March 30, 1967.
The title to the property in question was in the name of Jeff, Inc. as owner. The president of Jeff, Inc. is J. F. Roy, who is also president of A. K. Roy, Inc.
Plaintiff alleges that the true owner of the property, Jeff, Inc., was not disclosed to him at the time of the contract. The defendant maintains that the document itself shows an agency relationship and that the true owner was disclosed the day after the agreement was signed.
Contained within the agreement is the printed statement "We accept the above and all its terms and conditions." Below that *222 is printed A. K. Roy, Inc., and a place for a signature where it is signed J. F. Roy, Pres., and underneath the line for the signature is "(Agent for Client) (Owner)". Defendant maintains that this indicated A. K. Roy, Inc. was the agent for the owner in the sale. We do not agree. The brackets indicate that one of these items should be stricken to determine who was signing the agreement; the owner or the agent for client. In the present instance no designation appears to clarify the signature as the owners or as the agent.
Where there is ambiguity in a printed contract and a court is called upon to interpret their meaning and import, such ambiguity or contradiction is construed against the party who prepared the contract or printed form. LSA-C.C. Art. 1957; Kuhn v. Stan A. Plauche Real Estate Co., 249 La. 85, 185 So.2d 210 (1966); Gibbs v. Giering, 183 So.2d 459 (La.App., 3d Cir., 1966).
From the foregoing and the testimony elucidated at trial, we conclude that A. K. Roy, Inc. did not disclose their agency until the next day after the signing of the agreement had occurred.
It is well settled that an agent becomes personally responsible to those with whom he contracts when he fails to disclose fact of his agency and name of his principal at the time of making the contract. LSA-C.C. Art. 3013; Tri-State Oil Tool Company of Southern Louisiana v. Pioneer Oil & Gas Co., Inc., 135 So.2d 297 (La.App., 4th Cir., 1961); Bush v. Saucier, 197 So.2d 907 (La.App., 1st Cir., 1967); Wilson v. McNabb, 157 So.2d 897 (La.App., 1st Cir., 1963). The principal must be disclosed before the contract is entered into or liability is incurred. McKay v. Vesley, 163 So.2d 121 (La.App., 3d Cir., 1964); Melancon v. Keller, 136 So.2d 67 (La.App., 4th Cir., 1962). In McKay v. Vesley, supra, the court citing 3 C.J.S. Agency § 216a, b and c, held that:
"a. Necessity for Disclosure.
"An agent contracting as principal is personally liable; if he contracts as agent for an undisclosed principal, he will be personally liable unless there is a mutual intention of the parties to the contrary.
* * * * * *
"b. Time of Disclosure.
"The principal must be disclosed before the contract is entered into or before liabilities are incurred.
* * * * * *
"c. Sufficiency of Disclosure.
"The agent should give adequate notice of the identity of his principal, but he need not disclose his name, if he is sufficiently identified in some other manner."
In the present case it is urged that the principal was disclosed by letter sent to the notary one day after the sale. Whether or not notification to the notary is sufficient to be considered actual knowledge is not determinative of the issue herein presented. The effect of the notification in the present case being after the time of contract, is to allow plaintiff the option of holding either the agent or the principal responsible. Tri-State Oil Tool Company of Southern Louisiana v. Pioneer Oil & Gas Co., Inc., supra.
We are convinced from the testimony and evidence of both parties that the disclosure of the principal in the present case was not timely made for the agent to avoid liability and therefore conclude that plaintiff has instituted suit against proper defendant as to A. K. Roy, Inc. But J. F. Roy is not personally liable because he expressly signed the agreement as president of A. K. Roy, Inc., thus disclosing his own principal.
We are also convinced that the alleged agent, A. K. Roy, Inc., acted as principal in the agreement through operation of law.
*223 Under our law a contract for the transfer of immovable property must be in writing and parol evidence is inadmissable to establish the existence of an agency to sell land. LSA-C.C. Art. 2992; Stovall v. Sonia Realty Company, 83 So.2d 412 (La.App., Orleans, 1955). A. K. Roy, Inc. could produce no evidence of a written contract to sell land for Jeff, Inc. and J. F. Roy under examination admitted that A. K. Roy, Inc. had no such contract showing an agency relationship.
From the evidence and circumstances surrounding this case we are convinced that plaintiff was justified in concluding that A. K. Roy, Inc. was acting in a manner which would lead plaintiff to believe he was dealing with the owner of the lot and not an agent.
Defendants assert that even though there is an undisclosed agency and they became liable, since defendants were never put in formal default through proces verbal, plaintiff is not entitled to damages. Defendants also contend that under the terms of the contract, if seller cannot deliver a merchantable title, then purchaser is only entitled to the return of his deposit which the defendants have returned.
A demand in writing for the delivery of title and the placing in formal default is a prerequisite to the recovery of damages or to the rescission of the contract. LSA-C.C. Article 1911 and Article 1912. However, putting in default is not required when such action would be a vain, futile and useless gesture. Poche v. Ruiz, 239 La. 573, 119 So.2d 469 (1960); Fox v. Doll, 221 La. 427, 59 So.2d 443 (1952).
Defendant was sent a letter of demand on June 20, 1967 by Roy Price who was acting as attorney for plaintiff at that time. A subsequent demand for double return of deposit was again made on November 10, 1967 to which defendant denied liability.
The defendant asserts that the property in question had an outstanding mortgage on it and the mortgagee refused to release the property and therefore he felt there was no reason for him to be present for the transfer of title to the plaintiff on April 25, 1967. J. F. Roy also testified that he had told Price of the mortgage and possible difficulties with same. This testimony is corroborated by his letter of March 31, 1967 which disclosed the true owner.
Accepting for purposes of this case that the letters of demand previously herein discussed are not a formal putting in default we are convinced that no formal placing in default is required.
In Poche v. Ruiz, supra, the Supreme Court held that where a title is known to be litigious a demand by purchasers for vendor to convey title is vain; futile and a useless gesture and therefore unnecessary.
There is no necessity to formally put one in default when he refuses to perform or acknowledges an inability to perform. Fox v. Doll, supra.
Pierre v. Chevalier, 233 So.2d 61 (La. App., 4th Cir., 1970); writ refused, 256 La. 253, 236 So.2d 31 (1970), contains certain similarities with the facts of the present case. In that case there was a cloud on the title because of an outstanding adverse tax title. In that case Chevalier assumed that title to land he was selling was not defective and maintained that position throughout the negotiations, however, the title was in reality unmerchantable. The owner made no attempt to determine and remove the cloud on his title. In the present case defendants show no evidence that they made a serious effort to remove the outstanding mortgage on the lot but preferred instead to simply not show at the time for passing of the sale.
"[s]ince Chevalier assumed the attitude that the title was not defective and took no steps to determine and correct them and was in no position to offer a merchantable title, a demand by Pierre *224 for performance would have been vain and useless. No formal putting in default was necessary under the circumstances."
In the present case where the vendor refused to pass the act of sale because of an outstanding mortgage and did not offer a merchantable title, demand by Centanni for performance is not necessary; any such attempt being vain and useless.
The contractual agreement entered into contains the following specific conditions:
"The seller shall deliver to purchaser a merchantable title. Should the purchaser refuse to take the title because same is not merchantable, or for any defects therein, then in that event the seller is only liable for the return of the deposit made by the purchaser, anything to the contrary notwithstanding.
* * * * * *
"In the event the seller does not comply with this agreement within the time specified, the purchaser shall have the right either to demand the return of his deposit in full plus an equal amount to be paid as penalty by the seller; or the purchaser may demand specific performance at his option."
Centanni has not refused to take title, rather defendants acting for an undisclosed principal and Jeff, Inc., vendor, have refused to offer the title. By the very terms of the agreement plaintiff is entitled to double the deposit as damages.
Plaintiff, in his petition, has requested reasonable attorney's fees. However, the agreement contains no stipulation that fees for attorneys are intended other than fees allowed for enforcing collection of the agent's commission. In such a situation as this case we have maintained that attorney's fees are not provided for, nor recoverable. See Scurria v. Russo, 134 So.2d 679 (La.App., 4th Cir., 1961). Where not specifically allowed for by law or by contract, attorney fees are not recoverable.
For the reasons hereinabove set forth judgment of the lower court is affirmed in part and reversed in part and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Dr. Lee R. Centanni and against the defendant, A. K. Roy, Inc., in the sum of $850.00, all with legal interest thereon from date of judicial demand, with all costs of court.
Affirmed in part, reversed in part, and rendered.