BAILES, Judge.
This is a suit on an open account to recover judgment in the amount of $511.75 for ready mixed concrete delivered to a job site on the order of defendant.
The defendant resists the plaintiff’s action on the ground that in ordering the concrete he was acting as agent for a construction company by the name of Dulo Construction Company.
The trial court rendered judgment in favor of plaintiff as prayed for, and the defendant has appealed. We find the judgment is correct.
The facts show that the defendant, Mr. Virgadamo, with whom the plaintiff had done business on previous occasions, ordered a quantity of ready mixed concrete delivered to a certain job site. Mr. Vir-gadamo was charged and billed for the concrete.
There is not one scintilla of evidence before us which shows that the defendant, at the time of the purchase, advised the Jahncke Service, Inc., sales representative that he was acting as an agent for anyone. He made no complaint to plaintiff when the material was charged to him, nor did he complain to plaintiff when the statements of the account were mailed to him.
It was not until a dispute arose between Jahncke Service, Inc. and defendant over an alleged improper pouring of the concrete that defendant and his then disclosed apparent principal refused to pay the account. Two previous invoices had been paid without protest.
At the time the defendant entered into the purchase contract he did not disclose to the plaintiff that he was acting as agent, nor did he disclose the name of his principal, therefore he is personally responsible for the payment of the debt incurred. See: LSA-C.C. Article 3013; Tri-State Oil Tool Company of Southern Louisiana v. Pioneer Oil & Gas Co., Inc., 135 So.2d 297 (La.App., 4th Cir., 1961) ; McKay v. Vesley, 163 So.2d 121 (La.App., 3d Cir, 1964).
For the reasons assigned, the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.