CULPEPPER, Judge.
This is a suit by an employment agency to recover a fee under a written contract pursuant to which the agency procured employment for defendant. The district judge awarded plaintiff $1,724.35, plus 25% attorney’s fee. Defendant appealed.
The issues are: (1) Does the written contract correctly set forth the agreement of the parties as to whether the defendant or the employer would pay the fee? (2) Did the agency procure for defendant the employment in question? (3) Should the fee be computed on the basis of the monthly or the annual salary? (4) Are the attorney’s fees specified in the contract prohibited by statute?
THE AGREEMENT
The defendant has three years of college in business administration and experience in accounting and office management. He read an advertisement by the plaintiff employment agency for a job opportunity in this field with earnings of $15,000 a year and “fee paid”.
On January 3, 1972 he went to plaintiff’s office where he was interviewed by Mrs. Rose Snoden. Defendant filled in an application stating his qualifications and signed the written contract which included provisions for payment of the fee by defendant. Mrs. Snoden testified that defendant requested the fee be paid by the employer, but she explained to him that the agency would not attempt to procure employment for him unless he signed the agreement agreeing to pay the fee. It is Mrs. Snoden’s testimony that defendant agreed to this and that he signed the contract and she placed in her own handwriting on the instrument the notation “Prefer fee paid.”
Defendant testified he did not agree to pay the fee and that he thought the notation placed on the agreement by Mrs. Sno-den stated that the fee was to be paid by the employer.
At the time the contract was executed, defendant also signed a “Finance Disclosure Form”, required under the Truth in Lending Laws, since the amount of the fee increased after five days from beginning work. This disclosure form states that defendant desired a salary of $800 a month and that the total fee estimated was $864.
After these documents were signed, the plaintiff agency referred defendant to Robertson Ford, Inc. for employment on January 3, 1972. That firm had no opening for defendant at the time, but they took a statement of his qualifications for future reference.
Plaintiff then referred defendant to Dub Gibbens Buick, Inc. That firm employed defendant on about January 24; 1972 at a salary of $800 per month. Gibbens paid the employment agency fee of $777.60.
In the early part of April, 1972, Robertson Ford, Inc. lost its business manager. Being aware of defendant’s qualifications, it contacted him and offered him the job. Defendant started working for Robertson Ford on April 15, 1972 at a guaranteed salary of $1500 per month, plus a certain interest in the net profits. Robertson Ford did not pay any fee to the plaintiff employment agency. Robertson’s general manager explained that their policy was to not pay such fees. Plaintiff’s demand that defendant pay the fee was refused.
When defendant voluntarily left Gibbens Buick, plaintiff refunded to Gibbens all but $160 of the fee which Gibbens had paid to plaintiff.
Under these facts the trial judge held that the written contract between plaintiff and defendant correctly sets forth the agreement of the parties. In his written reasons, the district judge emphasizes the fact that defendant is an educated man with an understanding of such matters, and *778 that he signed the contract and the disclosure form which show that defendant agreed to pay the fee but “preferred” the fee be paid by the employer. We find no manifest error in this factual conclusion of the trial judge, which depends in some measure on the credibility of the witnesses.
PROCUREMENT OF THE EMPLOYMENT
Defendant contends next that plaintiff did not procure his employment by Robertson Ford, since he did not start to work for them until about 3% months after his referral there. Section 14 of the contract between plaintiff and defendant states: “This contract is binding upon the application for a period of one year on each referral.” Since the employment was procured as a result of and within a year of the referral, defendant owes the fee.
FEE COMPUTED ON MONTHLY OR ANNUAL SALARY
The contract provides that the applicant agrees to pay the agency for each employment procured a fee according to the following schedule:
"SCHEDULE OF MAXIMUM FEES CHARGED APPLICANTS FOR EMPLOYMENT BASED ON MONTHLY SALARIES
"To $145.99 .30% of one month's salary
$150.00 to $249.99 ...35% " "
$250.00 to $349.99 ...40% " "
$350.00 to $449.99 ...45% " "
"SCHEDULE OF MAXIMUM FEES CHARGED APPLICANTS FOR EMPLOYMENT BASED ON ANNUAL SALARIES
"$ 5,400-$ 5,999.00 ... 5% of one year's salary
$ 6,000-$ 6,999.00 . . . 6% " "
$ 7,000-$ 7,999.00 . . . 7% “ "
$ 8,000-$ 8,999.00 . .. 8% " "
$ 9,000-$ 9,999.00 . . . 9% " "
$10,000-$19,999.00 ...10% " “
$20,000 — Up .12% " "
Defendant contends that since he is employed by Robertson Ford on a monthly salary, the maximum fee which he can be charged, under the clear language of the contract, is 45% of $449.99, which amounts to a total of $202.50. In the event the court should find this is not the clear meaning of the contract, defendant contends the fee schedule is ambiguous and must be construed against the plaintiff who prepared it.
We find the fee schedule is at least ambiguous. There is a maximum fee schedule for monthly salaries and a separate maximum fee schedule for annual salaries. There is no statement in the contract that where the monthly salary exceeds $449.99, the fee will be based on a year’s earnings at the monthly rate.
Our conclusion is corroborated by the testimony of Mrs. Jackie Huffman, president of the plaintiff employment agency. She stated that a new contract form has been printed and one of the reasons for the change is that the fee schedule in the old contract was not clear. The new fee schedule provides that all fees are based on annual earnings.
The plaintiff argues that any knowledgeable applicant such as the defendant should know that few jobs are contracted on a yearly salary, and that a reading of the two schedules together shows that the monthly fees stop at $449.99 per month, and the annual fees commence at $5,400, which is $450 times 12. From this, plaintiff argues it is clear the schedules are progressive and must be construed together.
It may be true that the fee schedules can be construed as urged by plaintiff. But the schedules are with equal logic subject to the construction urged by the defendant. We think they are clearly ambiguous and must be construed against the plaintiff who wrote them. Centanni v. A. K. Roy, Inc., 258 So.2d 219 (La.App., 4th Cir. 1972); LSA-C.C. Article 1957.
ATTORNEY’S FEES PROHIBITED BY STATUTE
The written contract provides that the defendant “agrees to a penalty of 25% as attorney’s fees, on the earned charges and *779 remuneration due the agency should it become necessary for the agency to obtain counsel or collection service, or resort to court action to collect the same.” The district judge awarded such fees.
Defendant contends the following portion of LSA-R.S. 23:111 prohibits charging attorney’s fees in addition to the fee set forth in the schedule:
“No employment agency shall charge any fee for the registration of applicants for employment, help, or engagements, or require applicants to subscribe to any magazine, periodical, journal or other publication, or to any photographic, postal card, or letter service, or to contribute to the cost of advertising.
“No employment agency shall charge, receive, or attempt to collect any fees or other thing of value, or gift, as a fee or in lieu thereof, except such as are prescribed in the schedule of fees required to be filed with the commissioner of labor. No fee shall be charged or received except for help, employment, or engagements furnished and obtained directly through the efforts of the agency.”
 Attorney’s fees are not recoverable in an action for breach of contract unless particularly authorized by law or by the contract between the parties, Roberie v. Sinclair Refining Company, 252 So.2d 488 (La.App. 3rd Cir. 1971); Morein v. G. J. Deville Lumber Company, 215 So.2d 208 (La.App. 3rd Cir. 1968) and the authorities cited therein. The statute in question here does not expressly allow or prohibit attorney’s fees to be charged by an employment agency for breach of an applicant’s agreement to pay the fee. In the absence of any statutory prohibition, the contractual provision for such attorney’s fees is binding on the parties.
Defendant argues the attorney’s fees are proscribed by the statutory language that “No fee shall be charged or received except for help, employment, or engagements furnished and obtained directly through the efforts of the agency.” A reading of the above quoted portion of the statute as a whole shows that its purpose is to prohibit the collection by an employment agency of any registration fees, magazine subscriptions, photographic costs, advertising costs, etc. Attorney’s fees are not expressly mentioned and do not fall within the general category of those fees and charges which are prohibited. In the absence of any such prohibition, we think the general rule applies that a contract may provide for attorney’s fees in the event of a breach of the obligations.
DECREE
For the reasons assigned, the judgment appealed is amended so as to reduce the amount of the award from $1,724.35 to the sum of $202.50. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against the plaintiff and defendant in equal proportions.
Affirmed, as amended.