BAILES, Judge Pro Tem.
This is a suit on open account in the amount of $4,996.31 for brick sold by plaintiff to defendant and delivered, as per defendant’s instructions, to various construction sites. There is no dispute as to the amount of the account. The sole defense is that the account is owed by Jim Forrest Contractor, Inc., and not by the individual defendant, Jim Forrest.
The trial court found defendant did not disclose affirmatively to the plaintiff that he was acting as agent for a corporate entity, and having failed to disclose the principal-agency relationship, the defendant is liable for the account owed plaintiff. The trial court rendered judgment for plaintiff, and we affirm.
The record discloses the following relatively simple facts. Plaintiff showed that its executive officer, Ivy Reeves, had formerly done business with defendant while Reeves was representing Acme Brick Company. During this time, all bricks were billed to defendant, Jim Forrest. After Reeves established his own brick company, the defendant purchased bricks from plaintiff. All sales were invoiced, without exception in the name of Jim Forrest. Mr. Reeves testified that defendant at no time advised him that he was purchasing the brick as agent for Jim Forrest Contractor, Inc. The defendant was aware of this billing and admits he never advised plaintiff that the billing was incorrect or that he was acting as agent for Jim Forrest Contractor, Inc.
In support of his defense, defendant testified that at the side entrance to the building and on the office door there are signs “Jim Forrest Contractor, Inc.” which have been there since 1970, and that all seventeen checks delivered to plaintiff in payment of earlier invoices for brick were imprinted “Jim Forrest Contractor, Inc.” Defendant argues this was notice to plaintiff that it was dealing with a corporation.
Mr. Reeves readily acknowledged that the plaintiff received the referred to checks of Jim Forrest Contractor, Inc., but that the corporate designation made no impression on him one way or the other; that he took the checks in payment of the brick which were always charged to defendant and that defendant never objected to the charge being made to him.
It is obvious that as long as Jim Forrest Contractor, Inc., had the funds with which to pay plaintiff’s account, the defendant never questioned the brick being charged to him, and never found the need to advise the plaintiff that he was acting as agent for Jim Forrest Contractor, Inc.
As the court stated in Jahncke Service, Inc. v. Virgadamo, 279 So.2d 219:
“At the time the defendant entered into the purchase contract he did not disclose to plaintiff that he was acting as agent, nor did he disclose the name of his prin-". cipal, therefore he is personally responsible for the payment of the debt incurred. See: LSA-C.C. Article 3013; Tri-State Oil Tool Company of Southern Louisiana v. Pioneer Oil & Gas Co., Inc., 135 So.2d 297 (La.App., 4th Cir., 1961); McKay v. Vesley, 163 So.2d 121 (La. App., 3d Cir., 1964).”
In finding for the plaintiff, the trial court relied on the recent case of Prevost v. Gomez, 251 So.2d 470, decided by this court. Therein this court held that although indicia of incorporation of defend *714 ant’s auto sales business was shown on the stationery, invoices, bank checks and newspaper advertisements, it was not established that the plaintiff was aware of this indicia at the time credit was extended to defendant, and there was no evidence other than defendant’s own testimony that he was acting as agent for the auto sales business, defendant has the duty to disclose his status and the name of his principal in order to avoid personal liability.
The case of Jahncke Service, Inc. v. Heaslip, 76 So.2d 463, (La.App., Orleans, 1954) is almost identical to the instant case. Therein the defendant obtained a line of credit with plaintiff. Sometime later he formed a corporation known as L. W. Heaslip, Inc. to carry on his contracting business. Later seventeen sales were made to defendant and on each invoice the defendant’s name was entered. These orders were paid with checks of L. W. Heas-lip, Inc. Subsequently additional materials were sold to and not paid for by defendant. It was conceded, as in the instant case, that at no time until long after delivery was any express notice given to the plaintiff that the purchases were made for the corporation. The court held it was the duty of the agent to disclose his agency relationship and the name of the principal for whom he was acting, if he was to escape personal liability.
In Three Rivers Hardwood Lumber Co., Inc. v. Gibson, 181 So. 607 (La.App. 2nd Cir. 1938) on page 609, the court, in commenting on the significance of a creditor receiving checks from an undisclosed principal, stated:
“The fact that the two checks bearing the name of the William Lorimer Lumber Company and signed by defendant were accepted as payments on the account is not especially significant. It is well known that occasionally, although perhaps not frequently, a company issues and delivers its check in payment of or as credit on an individual and personal account of an employee.”
Also in point, see: Wilson v. McNabb, 157 So.2d 897 (La.App., 1st Cir., 1963).
Herein, admittedly, defendant, prior to default in payment of the account, did not advise plaintiff that the charges should have been made to Jim Forrest Contractor, Inc.
Herein, admittedly, defendant did not advise the plaintiff at the time of the purchases that he was acting as agent for Jim Forrest Contractor, Inc., nor did he protest the billing of the invoices to him personally. Consequently, defendant is liable for the amount of the unpaid account, the subject of this lawsuit.
For the foregoing reasons, the judgment appealed is affirmed at appellant’s cost.
Affirmed.