BOLIN, Judge.
American Employers Insurance Company appeals from a judgment awarding plaintiff total and permanent workmen’s compensation benefits, medical expenses, penalties and attorney’s fees. We amend the judgment to reduce the weekly compensation rate.
Plaintiff was employed by T. A. Roberts, Incorporated, as an office worker. In addition, her duties included driving an automobile on errands tor her employer. On May 24, 1971, while driving her automobile in the course and scope of her employment, plaintiff was injured when her car collided with an automobile driven by Mrs. Nelda Steel and insured by State Farm Mutual Automobile Insurance Company.
It was determined in a prior suit that the negligence of State Farm’s insured was the cause of the accident. In his written reasons for judgment in the present case the trial judge stated that defendant’s right of credit against plaintiff’s recovery in the previous suit against State Farm was recognized in those proceedings.
In a written stipulation signed by the attorneys and filed prior to trial, defendant acknowledged:
“ . . . that plaintiff, Gertrude Weeks, was entitled to compensation and medical benefits from October 25, 1971 during disability; that compensation benefits and medical expenses would have been paid through established disability until April 17, 1973, which was the date Dr. Roy Ledbetter’s testimony was taken; that benefits were not paid because of the pendency of the suit by Gertrude Weeks against State Farm Mutual Automobile Insurance Company, and the settlement negotiations which were then continuing; the parties recognizing that American Employers Insurance Company had the right to intervene and claim reimbursement by preference and priority over any amounts recoverable from State Farm Mutual Automobile Insurance Company and its insureds; that these negotiations resulted in two tentative settlements, both of which were rejected by plaintiff.”
Questions presented on appeal are whether plaintiff is now disabled to return to her former employment and the correctness of the award of penalties and attorney’s fees. It is conceded the weekly compensation rate is erroneously stated in the lower court judgment.
*683 Immediately after the accident plaintiff was examined by her physician, Dr. E. L. Carroll, Sr., who testified she suffered multiple contusions to the body, particularly in the pelvic area, and a whiplash to the neck area. She returned to the doctor the following day and was given a prescription for a muscle relaxant. Mrs. Weeks had previously been under the care of a heart specialist and for a number of years had taken heart medication regularly. She returned to her office duties after the accident and continued to work until October 21, 1971. Although she did her work it was understood with her employer she was to go home to rest if she experienced severe pain or distress.
During the period between the accident and the time of the operation Mrs. Weeks was treated by Dr. Carroll for neck and back pain as well as the pelvic condition. She was also treated by Dr. L. T. Yancey for her heart condition. On October 25, 1971, she was again examined by Dr. Carroll who determined that Mrs. Weeks was suffering from a retrodisplaced uterus, prolapsed bladder and incontinence or lack of bladder control which indicated a need for surgery. A hysterectomy was performed a few days later and plaintiff has been unable to return to her employment •since that time. Following the'hysterectomy Mrs. Weeks was referred to an internist, an orthopedist and a urologist, all of whom testified plaintiff’s present disability was due to the trauma suffered in the accident or resulted from the injuries received ‘superimposed on her pre-existing condition.
Defendant employed Dr. Cummins to examine plaintiff for the purpose-of trial and in his deposition he testified he examined plaintiff but made only negative findings. However, he deferred to Dr. Yancey’s opinion as to plaintiff’s heart condition.
In a written opinion the trial judge found that although plaintiff continued to work after the accident on a reduced basis and in pain, until October 21, 1971, the accident caused disabling injuries and aggravated pre-existing conditions which contributed to her overall disability. The judge below was unable to ascertain a specific time when plaintiff might return to work. Instead, it appeared to him she was totally disabled and would continue in this condition for an indefinite period in the future. He further found, since defendant had stipulated plaintiff was entitled to workmen’s compensation benefits after October 25, 1971 until April 17, 1973, and the only reason the payments were not made was because of the pendency of plaintiff’s action against State Farm, that this failed to justify denial of workmen’s compensation benefits. In conclusion he stated the failure to pay benefits was an illegal, arbitrary and capricious form of duress prohibited by the Workmens Compensation Act.
We have examined the depositions of the three treating physicians and conclude the trial judge’s finding that plaintiff was totally disabled at the time of trial is amply supported by their testimony. We further agree that failure to pay workmen’s compensation under the circumstances was arbitrary and capricious. Louisiana Revised Statutes 22:658; Fruge v. Hub City Iron Works, Inc., 131 So.2d 593 (La.App. 3d Cir. 1961); Parish v. Standard Accident Insurance Co., 158 So.2d 892 (La.App. 3d Cir. 1964); Elmore v. Employers Liability Assurance Corp., 173 So.2d 34 (La.App. 4th Cir. 1965).
The lower court awarded compensation at the maximum weekly rate of $49.00, whereas appellee concedes that she is entitled to only $32.89 per week.
The judgment of the lower court is amended to reduce the award of weekly compensation from $49.00 to $32.89. As thus amended the judgment is affirmed at appellant’s cost.