315 So.2d 811 (1975)
Kenneth WILTZ, Plaintiff-Appellee,
v.
DIXIE AUTO SALES, INCORPORATED, Defendant-Appellant.
No. 5070.
Court of Appeal of Louisiana, Third Circuit.
July 3, 1975.
*813 Harold L. Savoie, Lafayette, for defendant-appellant.
Robert L. Cole, Lafayette, for plaintiff-appellee.
Before FRUGE, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Defendant Dixie Auto Sales, Incorporated appeals the judgment awarding plaintiff Mr. Kenneth Wiltz $219.87 as a reduction of the purchase price of a 1967 used automobile. We affirm.
On February 6, 1974, Wiltz purchased a used automobile from the owner of Dixie for a price of $939 including tax and license. The sale was financed through Liberty Loan Company.
The day after the sale, Wiltz experienced difficulty with the power steering and transmission, and returned the automobile to Dixie for repair. The power steering was repaired, but the transmission problems persisted. On occasion the transmission would not function for more than fifteen minutes after it was engaged.
Dixie's owner notified Liberty Loan about the problem and Liberty Loan approved Dixie's request to make the needed repairs. On February 14, 1974, Dixie had the transmission rebuilt and gave a ninety day warranty on the transmission.
Within a month the transmission problems recurred and the automobile was returned to Dixie on several occasions. When Dixie failed to correct the problems, Mrs. Wiltz took the car to a competing concern. The transmission fluid appeared burnt and she was told to return to Dixie for the needed repairs. She promptly returned and was told they could not get to the job for some time. Shortly thereafter the transmission completely failed and the car was towed to the competing concern where the transmission was replaced. The cost of repairs including towing charges were $219.87. The transmission difficulties were cured by these repairs.
Suit was instituted to obtain a price reduction under LSA-C.C. art. 2541. The trial court awarded the amount claimed on finding 1) the transmission defective, 2) the defect existed at the time of the sale, and 3) Dixie never corrected the defect although allowed sufficient opportunities.
We understand defendant contends the trial court erred in 1) overruling defendant's exception of no right or cause of action, and 2) in allowing a reduction of the purchase price.
The exception of no cause of action was aimed at defendant's contention that Dixie was not owner of the automobile when it was sold. Liberty Loan had repossessed the automobile and placed it on Dixie's lot. Dixie was to sell the vehicle at whatever profit it could make over Liberty Loan's stipulated price.
Although the owner of Dixie testified he informed Wiltz that Liberty was owner of the automobile, the evidence refutes this. Liberty Loan's only connection with the sale, insofar as Wiltz was concerned, was that it financed the sale. The bill of sale was from Dixie to Wiltz, and there is no *814 notation indicating Dixie was not owner. The title certificate was not introduced in evidence, and Liberty Loan's manager testified he didn't know in whose name the automobile was titled.
The trial court's ruling dismissing the exception is supported for three reasons. 1) Dixie failed to prove it was not owner of the automobile. 2) Assuming Liberty Loan was owner, Dixie admits it was the "seller" within the contemplation of LSA-C.C. arts. 2520 et seq., the articles relative to "Redhibition." 3) Assuming Dixie was acting as Liberty Loan's agent in negotiating the sale, Dixie would be liable since this was an undisclosed agency relationship. LSA-C.C. art. 3013; McKay v. Vesley, 163 So.2d 121 (La.App. 3 Cir. 1964); Jahncke Service, Inc. v. Virgadamo, 279 So.2d 219 (La.App. 4 Cir. 1973).
Wiltz seeks a reduction in purchase price under the articles dealing with redhibition and LSA-C.C. art. 2541, in particular. Redhibition is the avoidance of the sale on account of some vice of defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed the buyer would not have purchased it had he known of the vice. LSA-C.C. art. 2520. Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his damages to the reduction of the price. LSA-C.C. art. 2541.
The buyer who institutes the redhibitory action, must prove the vice existed before the sale; however, it is presumed the defect existed before the sale, if it appears within three days after the sale. LSA-C.C. art. 2530. Here, the transmission defect first appeared the day after the sale and is therefore presumed to have existed before the sale.
A defective transmission is not an apparent defect which Wiltz would be expected to discover through simple inspection. LSA-C.C. art. 2521.
A tender for repair is required before suit in redhibition can be instigated. LSA-C.C. art. 2531; Breaux v. Winnebago Industries, Inc., 282 So.2d 763 (La.App. 1 Cir. 1973); Slay v. Ater, 305 So.2d 681 (La.App. 3 Cir. 1974). And see Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La.1973), which was legislatively overruled by the 1974 amendment to LSA-C.C. art. 2531.
A tender is not required where it is not possible or where vendor has done some act, or made some declaration which demonstrates that a formal offer to return the thing sold would have been fruitless. Alan Randal Company v. Quality Oil Company, 100 So.2d 282 (La.App. 1 Cir. 1958); Slay v. Ater, supra. Mrs. Wiltz testified that she took the automobile to Dixie on seven occasions for repair. Several returns were made after Dixie overhauled the transmission. Dixie's owner and employee admitted the automobile had been returned some three or four times. When Dixie failed to make suitable repairs, Wiltz was justified in going elsewhere for repairs. Wiltz made a sufficient tender to meet the prerequisites for recovering under the redhibitory action.
The trial court's reasons for judgment disclose a belief of Wiltz and his witnesses and a disbelief of Dixie's witnesses. There is no manifest error in the trial court's conclusions.
We now consider the amount of the reduction which included $18 in towing charges. Theoretically the proper measure for reduction in price is the difference between the sale price and the price a reasonable buyer and seller would have agreed upon had they known of the defects. Menville v. Stephens Chevrolet *815 Inc., 300 So.2d 858 (La.App. 4 Cir. 1974). However, the jurisprudence has allowed the cost to repair as one item of recovery in redhibitionreduction of price cases. Menville v. Stephens Chevrolet, Inc., supra. The towning charges were necessitated because of the defect, and are also recoverable. Gauche v. Ford Motor Company, 226 So.2d 198 (La.App. 4 Cir. 1969). See also, Breaux v. Winnebago Industries, Inc., 282 So.2d 763 (La.App. 1 Cir. 1973).
Dixie's allegations of prejudicial treatment by the trial judge are not supported by the record.
The trial court judgment is affirmed at appellant's cost.
Affirmed.