HALL, Judge.
The plaintiff collection agency as assign-ee of Snelling and Snelling, an employment service, sued defendant Mrs. Lawson to collect a fee allegedly due under a contract between Snelling and Snelling and defendant. It was alleged that Snelling and Snell-ing secured a position for the defendant with a company and that under the terms of the contract a fee of 10 percent of the starting annual salary was owed. Defendant answered, denying liability on several grounds, including a denial that Snelling and Snelling had procured the position for her. After trial, the city court found that the position was not procured by the efforts of Snelling and Snelling and rejected plaintiff’s demands. Plaintiff appealed and we affirm.
Plaintiff relies primarily on a provision of the employment service contract by which defendant agreed: "Should I accept employment with an employer ..., directly or indirectly, to which you have referred me within 12 months from date of referral, I agree to pay a fee for professional services in accordance with the schedule contained herein .... ”
Defendant relies primarily on LSA-R.S. 23:111 B.(l) which provides:
“No employment service shall charge or collect any fee from an applicant except for employment procured through the efforts of the employment service.”
The trial court made the following factual findings:
“The defendant refused employment suggested by Snelling at Analytical Logging because of a fee dispute and went to work with A.M.I. instead.
“A week later she went to work for Analytical Logging. Before going to work at A.M.I. the defendant spoke to Mr. Parker at Analytical Logging and it was about a ‘computer position.’ However, when she did accept employment at Analytical Logging she spoke to a Mr. Robinson and not Mr. Parker.
“Mr. Robinson is president of Analytical Logging and ran an ad in the paper for a ‘division accountant.’ Mr. Robinson said that the defendant had worked for Dresser Industries and could, therefore, work for him.
“The court feels that the defendant’s securing a job at Analytical Logging was free of, and therefore unconnected to, any efforts on the part of Snelling. In this case she refused to work at Analytical Logging, accepted employment elsewhere, and went back to Analytical Logging by knowledge obtained in a newspaper ad, for a different position [than the one] discussed previously and with a different person. The court is aware that it would be convenient for anyone to decline employment found by an agency and then go back later and claim entry was made from a newspaper ad. In the instant case the employment is far enough removed from the contract and Snelling’s efforts to prevent Snelling from saying it was from their efforts the defendant found employment and none other. In this case the court sees no connection between defendant's job and Snelling’s efforts to secure it. Despite the *839 broad language of paragraph 2 this connection should be an indispensable ingredient.”
These findings are supported by substantial evidence and are not clearly wrong or manifestly erroneous.
The employment was not “procured through the efforts of the employment service” and, under the statute, the employment service is precluded from charging or collecting a fee from the defendant-applicant.
Alexandria Employment Service, Inc. v. Box, 282 So.2d 776 (La.App. 3d Cir.1973) and Retail Merchants Association, Inc. v. Love, 311 So.2d 26 (La.App. 2d Cir.1975), relied on by the plaintiff, are distinguishable because in each of those cases there was a finding that the employment was procured by or resulted from the efforts of the employment service.
For the reasons assigned, the judgment of the city court is affirmed at appellant’s costs.
Affirmed.