GARRISON, Judge.
This is an appeal from a judgment of the district court granting to the State, on behalf of Charity Hospital, damages in the amount of $54,370.40 plus legal interest, costs and attorney’s fees in the amount of $13,592.60. The judgment further dismisses Napasco’s third-party demand against Davis Industries d/b/a Stero Products Co. From that judgment, Napasco appeals.
On May 27, 1977 Dr. George Meckstroth, Chairman of the Environmental Health and Safety Committee of Charity Hospital, instructed Merlin Brisset, Executive Housekeeper, to find, stock and store enzymes to treat solid waste material. Mr. Brisset called Wilson Ardoin of Napasco, read Ar-doin the Committee’s request and asked for further information. In response thereto Napasco issued the following letter:
“I appreciate your calling Napasco International for technical information on enzymes. Being a manufacturer of liquid and powdered enzymes, I am sending you a comparison of liquid versus powdered. With the information furnished me on drains, sump pumps and fixtures, where enzymes would be used, I would recommend Micro-Live, a liquid enzyme, over powders, which you will see in the comparison on the brochure.
“Usage for approximately six months would be 2000 gallons at a cost of 19.80 per gallon, which we would furnish in gallon containers for your convenience for application.
“As you will see on Items 7 and 8 of the brochure, we give a comparison of cost *15 per million gallons of treated waste by liquid and powdered enzymes and, as you can see, it would be a great savings to use liquid enzymes. Also find in the brochure various comparisons which I think will convince you that liquids should be used over powdered enzymes.” (Emphasis added)
Charity entered into a contract with Na-pasco to purchase the recommended product at a cost of $54,370.40. The product failed to perform adequately. Consequently, the instant suit was filed.
On appeal Napasco raises two issues:
1. The trial court erred in finding fraud on the party of Napasco;[1] and
2. the trial court erred in failing to award damages to Napasco and against Davis Industries.
The trial judge provided somewhat lengthy reasons for judgment. Apparently, the trial court found that Napasco was doing more than merely selling a product. Charity did not request “Micro-Live” or any other product by name, but sought an enzyme product that would handle a particular problem. It was Napasco that provided the technical information and product recommendation. In so doing, Napasco was not merely acting as a seller in a “cash for thing” exchange, but was acting as a consultant in providing advice and technical expertise to Charity.
Napasco purchased the chemical in question from a wholesaler, Davis Manufacturing Co. d/b/a Stero Products Co. Napasco then repackaged the chemical under the brand name “Micro-Live.” Napasco’s sales brochures, technical information, etc. are paraphrased from documents supplied by Davis. In the instant appeal, however, in the course of paraphrasing, something was lost in the translation: “Micro-Live” is not an enzyme.
Dr. A.D. Larson and Dr. Emmett Johnson, both expert biologists, testified that the product was not suited for the purpose for which it was intended to be used and that, due to its chemical composition and various chemical reactions, it would have no effect in relieving the problem for which it was purchased.
Civil Code Article 2520 provides as follows:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
We conclude, as did the trial judge, that the instant appeal presents a clear case for redhibition.
Turning to the question of attorney’s fees, we note that in Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La.App. 1st Cir.1975), our brethren on the First Circuit stated:
“To recover attorney’s fees the buyer must prove knowledge of the defect by the seller. He need not prove willful misrepresentation. It is sufficient for the buyer to prove actual or constructive knowledge by the seller, thus if the seller knew or should have known of the defect and failed to declare it to the buyer, the seller is liable additionally for reasonable attorney’s fees.” (Emphasis added)
See also: Evangeline Medical & X-Ray Distributors Corp. v. Coleman Oldsmobile, Inc., 402 So.2d 208 (La.App. 1st Cir.1981). We find, as did the trial judge, that defendant shbuld have known that Micro-Live was not suitable. Accordingly, we cannot conclude that the trial judge erred in awarding attorney’s fees.
*16 Turning to Napasco’s contention that the trial court erred in dismissing its third-party demand, we find that the trial court acted properly. Davis Industries would not have recommended Micro-Live had it known of its intended use. Likewise, it was Napasco’s recommendation and paraphrasing of Davis’ materials which gave rise to the problem at hand.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.

. Via this dicta we note that the defendant, Napasco, appears to be offended by the use of the word “fraud”. We further note that the legal definition is not the same as the word as used in the common English language. We do not feel that Napasco was engaged in any reprehensible, devious or unethical dealings. Na-pasco and Charity had been doing business for a number of years, involving a number of different products in large quantities. We realize that any reasonable businessman would not endanger so large an account for such a comparatively small sale. Misunderstandings and errors sometimes do occur, and that is what happened in the instant appeal.