537 So.2d 215 (1988)
Barbara Riggins LEFLORE
v.
Sue Ellen Ott, Wife of/and Robert A. ANDERSON, et al.
No. CA-8856.
Court of Appeal of Louisiana, Fourth Circuit.
September 16, 1988.
On Rehearing November 29, 1988.
Rehearing Denied February 16, 1989.
*216 Philip C. Ciaccio, Jr., New Orleans, for plaintiff-appellee.
Jack A. Ricci, Baldwin and Haspel, Metairie, for defendants-appellants.
Before GARRISON, BARRY and ARMSTRONG, JJ.
GARRISON, Judge.
Plaintiff, Barbara Riggins Leflore, purchased a house at 6212 Stratford Place in New Orleans from Sue Ellen and Robert Anderson on January 29, 1985 for a purchase price of $55,500.00. This house had been listed by Beverly Anderson, a real estate agent with Merrill Lynch Realty, Inc. Mrs. Anderson is the mother of Robert Anderson and was the prior owner of the property in question. Barbara Age, another real estate agent with Merrill Lynch Realty, Inc., showed the house to the plaintiff and subsequently sold the house to her.
After plaintiff moved into this house, she began to notice that the floor appeared to be sinking in certain places. She also noticed cracks in the wall which became more apparent and more numerous in the following months. In June, the plaintiff came home one day to find that the bathroom wall had split open. The situation grew increasingly worse with faulty plumbing and wiring. After noticing some tape on a door, plaintiff removed it and the door would no longer stay in place.
When a neighbor commented to the plaintiff that her house was settling on one side, she contacted James Duffy, a foundation repair contractor. Duffy inspected plaintiff's property and estimated that the repair of the structural damage to her property would cost approximately $32,000.00. Duffy and Gilbert Chatagnier, a civil engineer, agreed that the cracks in the walls and the plumbing problems in the house were directly related to the slab settlement problem.
Plaintiff also contacted Richard Paddison, a general contractor, who inspected the house and determined that the interior work which would be needed after the foundation was repaired would cost approximately $25,000.00. Mr. Paddison also determined that several cracks in the inside walls had been previously patched. Both Chatagnier and Paddison testified that the *217 slab settlement problem which caused the structural damage in this house began before plaintiff bought the house.
Plaintiff filed this action against Sue Ellen and Robert Anderson, Barbara Age, Beverly Anderson and Merrill Lynch Realty, Inc., requesting damages, rescission of the sale of property at 6212 Stratford Place and return of the purchase price to her. In her petition, plaintiff alleges that the sinking condition of the foundation of this property was a redhibitory defect and that the defendants knew of and intentionally concealed this fact from the plaintiff prior to the act of sale. Defendants have contended that they were unaware that the property was sinking prior to the act of sale.
After trial on the merits, judgment was rendered on May 7, 1987 in favor of plaintiff and against all defendants, (except Barbara Age, the plaintiff's real estate agent, who was found not liable) jointly and in solido for the following:
1) rescission of the sale of property with purchase price of $55,500.00 returned to plaintiff;
2) expenses$23,500.00;
3) mental anguish$2,010.00;
4) inconvenience$5,000.00;
5) attorney's fees$5,000.00.
The award to the plaintiff includes legal interest from date of judicial demand and is subject to a credit of $7,000.00 in favor of the defendants for plaintiff's use of the premises. All four of the defendants cast in judgment appeal this judgment.
In the first assignment of error, the appellants challenge the factual finding that they knew of and intentionally concealed the house's sinking problem from plaintiff. Although only circumstantial evidence was presented by the plaintiff to support this allegation, it was very persuasive and we do not find that the jury's finding on this issue was erroneous.
Clearly, the most favorable evidence supporting this position was the testimony that cracks in the wall of the house had been previously patched. Because Robert and Sue Ellen Anderson owned this house for two years and Beverly Anderson owned it for the thirteen years prior to that, knowledge of the structural defectiveness of this house could certainly be imputed to these defendants. The fact that the house basically began to fall apart only months after its purchase by plaintiff detracts from defendants' theory that the surfacing of these defects was merely a case of unfortunate timing.
Therefore, the jury's factual finding that the appellants knew of and intentionally concealed the house's sinking problem from the plaintiff will not be disturbed by this court.
In the next assignment of error, the appellants challenge the factual finding that the house was redhibitorily defective. Furthermore, appellants argue that even if the house was redhibitorily defective, rescission of the sale was not the proper remedy.
Again, the evidence in this case supports the factual finding that this house was rehibitorily defective at the time of the sale. The patched cracks in the wall followed by more and more cracks after the sale indicate that this condition existed before plaintiff purchased this house.
Appellants also argue that a finding of redhibitory defectiveness should have only resulted in a reduction of the purchase price rather than the more harsh remedy of rescission. However, LSA-C.C. art. 2545 states as follows:
"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
Because the jury found that the appellants knew of the structural defects in the house prior to the sale to the plaintiff, rescission of the sale was a proper remedy and should be upheld against the sellers of the house, Sue Ellen and Robert Anderson.
However, as the appellants correctly argue in the next assignment of error, the trial court erred in holding Beverly Anderson and Merrill Lynch Realty, Inc. solidarily liable with Sue Ellen and Robert *218 Anderson for rescission of the sale of the property in question and return of the purchase price to plaintiff. The redhibitory action is between seller and buyer, and without such a relationship, the action cannot be maintained. Josephs v. Austin, 420 So.2d 1181 (La.App. 5th Cir.1982), writ denied, 427 So.2d 870 (La. 1983). Because no legal ownership is attributable to Beverly Anderson or Merrill Lynch Realty, neither is deemed a seller for purposes of redhibition. Josephs v. Austin, supra.
However, the plaintiff's petition also alleged tort damages in this case and the real estate agent and agency can be held liable to the plaintiff in tort damages for negligent misrepresentation. Negligent misrepresentation occurs when there is a legal duty to supply the correct information and a breach of that duty resulting in damages to the plaintiff. Josephs v. Austin, supra.
In this case, the jury found that Beverly Anderson intentionally concealed the property's existing defects from the plaintiff. Furthermore, the jury also found that Merrill Lynch Realty was vicariously liable for the tortious act of its agent, Beverly Anderson. We agree with these findings and hold these two defendants liable to plaintiff for negligent misrepresentation. The damages assessed against these two defendants will be discussed later in this opinion.
In the next assignment of error, the appellants argue that the trial judge erred in awarding costs incident to the sale and attorney's fees against the real estate agent and agency. LSA-C.C. Art. 2545 provides as follows:
"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
Therefore, the sellers in this case, Sue Ellen and Robert Anderson, are clearly liable for plaintiff's attorney's fees. However, because Beverly Anderson and Merrill Lynch Realty are liable only in tort and not in redhibition, they are not liable for plaintiff's attorney's fees because those are generally not recoverable in a tort action. Josephs v. Austin, supra.
As for costs incident to the sale, no such award was made in the April 14, 1987 judgment. However, this judgment did include an award to the plaintiff of $23,500.00 in "expenses". This amount was evidently based upon various experts' testimony as to the costs which would be necessary to repair the property in question. Because the sale of the property is being rescinded and the purchase price is being returned to the planitiff subject to a credit for plaintiff's use of the premises, the costs of future repairs should not have been awarded to plaintiff.
However, the record does support an award of $500.00 in expenses which plaintiff actually incurred in repairs to this property. Thus, $23,000.00 of the expenses award is not supported by the record and is hereby reversed.
The appellants then argue that the trial judge erred in awarding judicial interest on the award of attorney's fees from the time of judicial demand rather than from the date of judgment. This argument also has merit. Because the amount of attorney's fees due was not ascertainable until awarded by the court, the interest on that amount only began to run from the date awarded by judgment. Alexander v. Burroughs Corporation, 359 So.2d 607 (La. 1978).
However, as stated above, attorney's fees in this case are only recoverable from the "bad faith" sellers, Sue Ellen and Robert Anderson. Therefore, it follows that interest on the award of attorney's fees is only recoverable from those two appellants.
In the final assignment of error, the appellants argue that the trial judge erred in awarding the plaintiff damages for mental anguish and inconvenience. Specifically, appellants claim that these damages should not be awarded in a redhibition action.
LSA-C.C. Art. 1998 states as follows:

*219 "Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss.
Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee."
In this case, we have found that the sinking problem of the house in question was intentionally concealed from the plaintiff by the defendants. The resulting damage to the house which began to surface only months after plaintiff moved into the house and the costly estimates plaintiff received regarding the necessary repairs to the house were so traumatic to plaintiff that she sought treatment from a psychologist. This psychologist, Dr. Armond Devezin, testified that the annoyance and stress of discovering concealed defects in the house as well as watching the house continue to deteriorate as the sinking problem worsened caused plaintiff to suffer with depression due to her seemingly helpless situation and the enormous costs projected for the necessary repairs.
Based on these facts, we conclude that because real and substantial emotional distress was clearly proven in this case, damages for mental anguish and inconvenience were properly awarded to the plaintiff in this contract action. See Ducote v. Arnold, 416 So.2d 180 (La.App. 4th Cir.1982). Furthermore, because this suit was also based in tort, all of the appellants are jointly liable to the plaintiff for these damages under the tort theory of recovery as well.
The plaintiff also urges her own assignments of error in her brief. However, because plaintiff neither appealed independently nor answered the defendants' appeal, these assignments of error will not be considered. See LSA-C.C.P. Art. 2133.
For the reasons stated above, the trial court judgment is reversed in part and amended and affirmed in part as follows:
Judgment is rendered in favor of plaintiff and against appellants Sue Ellen and Robert Anderson for rescission of the sale of property located at 6212 Stratford Place, the return of the purchase price of $55,500.00 to plaintiff, subject to a credit of $7,000.00 in favor of these two appellants for plaintiff's use of the premises and for attorneys fees of $5,000.00 together with interest from date of the trial court judgment.
Furthermore, judgment is rendered in favor of plaintiff and against appellants Sue Ellen and Robert Anderson, Beverly Anderson and Merrill Lynch Realty jointly for expenses of $500.00 (a reduction of the original $23,500.00 award for expenses), for mental anguish damages of $2,010.00 and for inconvenience damages of $5,000.00. All costs and expert fees are to be shared by all appellants.
REVERSED IN PART; AMENDED AND AFFIRMED IN PART.

ON APPLICATION FOR REHEARING
PER CURIAM.
After reviewing plaintiff/appellee's application for rehearing, we have reconsidered the portion of our original opinion in which we reduced the trial court's award to plaintiff/appellee for expenses from $23,500.00 to $500.00. Plaintiff/appellee is correct in her assertion that we incorrectly concluded that the trial court's award for expenses was calculated on the basis of expert testimony as to the costs of future repairs rather that on the basis of actual expenses incurred by the plaintiff. After further review of the record and exhibits, we conclude that the award to plaintiff/appellee of $23,500.00 in expenses is supported by the record and was not an abuse of the trial court's discretion. We find no reason to disturb this award by increasing it as argued in the rehearing application. On this issue, we reverse the portion of the original opinion in which we reduced the plaintiff/appellee's award for expenses and *220 we now affirm the trial court's award to plaintiff/appellee for $23,500.00 in expenses.
Furthermore, we are considering for the first time the assignments of error filed on behalf of plaintiff/appellee. In our original opinion, we refused to consider these assignments of error because, according to this court's records, plaintiff/appellee had neither appealed independently nor answered the defendants/appellants' appeal. After our opinion was handed down, plaintiff/appellee filed a motion to supplement the appeal record with a copy of her answer to defendants/appellants' appeal which was filed in the trial court on October 7, 1987 but which was not included in the appeal record for unknown reasons. Therefore, plaintiff/appellee was allowed to supplement the record with her answer to appeal and her assignments of error are now being considered.
In her assignments of error, the plaintiff/appellee argues that the trial court erred in awarding only special damages for mental anguish and in awarding inadequate attorney's fees. The trial court awarded $2,010.00 to plaintiff/appellee for mental anguish. In our original opinion, we concluded that the evidence established that damages for mental anguish and inconvenience were properly awarded to plaintiff under contract and tort theories because real and substantial emotional distress was clearly proven. The award for $2,010.00 was evidently awarded to cover plaintiff/appellee's psychologist's bill for counseling received. Furthermore, she was awarded $5,000.00 for inconvenience.
Considering the circumstances of this case, we find that the award of $2,010.00 was an adequate award for plaintiff/appellee's mental anguish and was not an abuse of the trial court's discretion. Plaintiff/appellee's argument that the jury failed to award general damages to her is without merit in light of the $5,000.00 award for inconvenience. Therefore, we affirm the award to plaintiff/appellee of $2,010.00 for mental anguish.
The plaintiff/appellee further argues that her award of $5,000.00 in attorney's fees is inadequate. Specifically, plaintiff/appellee contends that the trial court should have calculated plaintiff/appellee's attorney's fees award on the basis of the contingency fee contract between plaintiff and her attorney. This contract was introduced as evidence at trial.
The trier of fact is vested with great discretion in determining an award for attorney's fees. The fact that the plaintiff's contingency fee contract was introduced at trial does not obligate the jury or the trial judge to follow its terms in rendering the award for attorney's fees.
We find no reason to disturb the trial court's award to plaintiff/appellee of $5,000.00 in attorney's fees. Therefore, this portion for the trial court's award is affirmed.
For the reasons stated above and in our original decision rendered on September 16, 1988, the trial court judgment is amended and affirmed as follows: Judgment is rendered in favor of plaintiff and against appellants Sue Ellen and Robert Anderson for rescission of the sale of property located at 6212 Stratford Place, the return of the purchase price of $55,500.00 to plaintiff, subject to a credit of $7,000.00 in favor of these two appellants for plaintiff's use of the premises and for attorney's fees of $5,000.00 together with interest from the date of the trial court judgment.
Furthermore, judgment is rendered in favor of plaintiff and against appellants Sue Ellen and Robert Anderson, Beverly Anderson and Merrill Lynch Realty jointly for expenses of $23,500.00, for mental anguish damages of $2,010.00 and for inconvenience damages of $5,000.00. All costs and expert fees are to be shared by all appellants.
AMENDED AND AFFIRMED.