AMERICAN EAGLE INSURANCE
COMPANY and Martinaire, Inc.,
Plaintiffs–Appellants,

v.

UNITED TECHNOLOGIES CORPORA-
TION and Pratt & Whitney–Canada,
Ltd., etc., Defendants–Appellees.

No. 93–1841.

United States Court of Appeals,
Fifth Circuit.

April 19, 1995.

Virginia Pennington and Cynthia Hollings-
worth, Gardere & Wynne, Dallas, TX, for
appellants.

David T. Moran and Robert F. Ruckman,
Jackson & Walker, Dallas, TX, for appellees.

## ON PETITION FOR REHEARING

Before WIENER, EMILIO M. GARZA
and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

It is ordered that the petition of appellants
for rehearing filed in the above case is de-
nied. However, finding merit in the petition
for rehearing filed by appellee Pratt & Whit-
ney–Canada, Ltd. ("Pratt & Whitney"), said
appellee's petition for rehearing is granted to
the extent and for the reasons set forth
herein. Otherwise, our original panel deci-
sion and the language contained therein is
left undisturbed.

In our original panel opinion we affirmed a
summary judgment granted by the district
court in favor of the defendants/appellees,
United Technologies and Pratt & Whitney,
except as to appellants/plaintiffs' alleged
cause of action against Pratt & Whitney for a
breach of implied warranty brought under
the Texas Deceptive Trade Practices Act.
As to such claim, we determined that we
could not gauge the effectiveness of appel-
lees' written disclaimer because the summary
judgment evidence was not developed suffi-
ciently to allow either this court or the dis-
trict court to make a decision on the merits
of appellees' disclaimer contention. Believ-
ing that the entire document containing the
disclaimer was not before us, we declared,

"we are not in a position to evaluate whether the disclaimer is conspicuous as a matter of law."

Pratt & Whitney's petition for rehearing specifically points out that not only one entire document, but two entire documents were properly before the district court as summary judgment proof, each of which contained disclaimers of implied warranties made by Pratt & Whitney upon the initial sale and upon the delivery of the airplane engine to the first purchaser, Cessna Aircraft Company. Convinced that the record is in fact sufficiently developed for this court to make a decision on the merits of Pratt & Whitney's disclaimer defense, we withdraw that part of our original opinion that declared the record insufficient for our determination of the issue.

Indeed, the summary judgment evidence before the district court and in the record on appeal, does contain an original three-page Sales Contract between Pratt & Whitney and Cessna Aircraft Company. Additionally, the record contains an Engine and Parts Service Policy that was delivered upon the sale of the engine relating to allowances for an adjustment for engine parts which might suffer failure in service. Each of the two documents contains in bold print the following provision:

**d) Exclusive Warranties and Remedies**

**The foregoing warranties are exclusive and are given and accepted in lieu of (i) any and all other warranties, express or implied, including without limitation the implied warranties of merchantability and fitness for a particular purpose: and (ii) any obligation, liability, right, claim or remedy in contract or tort, whether or not arising from Seller's negligence, actual or imputed. The remedies of the Buyer shall be limited to those provided herein to the exclusion of any and all other remedies including, without limitation, incidental or consequential damages. No agreement varying or extending the foregoing warranties, remedies or this limitation will be binding upon the Seller unless in writ-**

**ing, signed by a duly authorized officer of Seller.**

We have reviewed in their entirety both the Sales Contract and the Engine and Parts Service Policy and agree with Pratt & Whitney's contention that the bold faced disclaimer of warranty under the bold faced capitalized "EXCLUSIVE WARRANTIES AND REMEDIES" is "attention-calling" and in no way "semi-concealed or obscured". We conclude that each disclaimer as set forth in bold print in the two documents is such that attention can reasonably be expected to be called to the disclaimers contained therein, and that they are conspicuous under Texas law. See *Cate v. Dover Corp.*, 790 S.W.2d 559, 560 (Tx.1990); Texas Business & Commerce Code, § 1.201.

Because the disclaimers are conspicuous, they are sufficient to disclaim any implied warranty under the DTPA. We find that the trial court did not err in dismissing the appellants' claim pursuant to Pratt & Whitney's motion for summary judgment. Accordingly, Pratt & Whitney's motion for rehearing is **GRANTED** and the summary judgment granted by the district court is in all respects **AFFIRMED.**