**Pete & Maxine Delores KASPRZAK, Plaintiffs,**

v.

**AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY and American General Corporation, Defendants.**

No. 1:95–CV–0903.

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 10, 1996.

David L. Sheller, Houston, TX, for plaintiffs.

Walter B. Stuart, IV, Christopher W. Byrd, Vinson & Elkins, Houston, TX, for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

### BACKGROUND

The action now before the court was originally filed in the 58th Judicial District of Jefferson County, Texas. The Plaintiffs, who reside in Texas, have asserted claims for breach of contract, breach of fiduciary duty/constructive fraud, negligence, fraud, negligent misrepresentation, unjust enrichment, and imposition of a constructive trust. These claims stem from the Plaintiffs' purchase of life insurance policies which have been described as "vanishing premium" policies.

The Plaintiffs have sued American General Life and Accident Insurance Company (AGLA) and American General Corporation (AGC). The Plaintiffs complain of alleged

misrepresentation in the sale of certain life insurance policies issued by AGLA. AGLA is owned by AGC Life Insurance Company, which is in turn owned by AGC. (Response to Plaintiffs' Motion to Remand, Roberts Affidavit, p. 1). AGC claims that it is not a party to the policies and did not participate in the marketing or sale of the policies. As such, AGC asserts that it has been fraudulently joined in a effort by the Plaintiffs to destroy diversity of citizenship and therefore eliminate the possibility of federal court jurisdiction.

Defendants removed the case to this court on the basis of diversity jurisdiction. 28 U.S.C. § 1441. Defendants maintain that AGC was fraudulently joined to this suit and, therefore, removal was proper. The Plaintiffs contend that AGC's joinder was proper since they have a colorable claim against AGC. If AGC is allowed to continue as a defendant, diversity jurisdiction will be defeated and the case must be remanded to state court. *See* 28 U.S.C. 1447(c).

This court now considers Plaintiffs' Motion to Remand.

### Discussion

#### A.

The entire remand issue turns on whether the Plaintiffs can state a claim against AGC. If an action can be maintained against AGC, its joinder to this action is proper and diversity jurisdiction will be defeated. However, based on the facts alleged, the Plaintiffs do not have a cause of action against AGC and the matter is properly before this court.

■ To establish that a particular joinder is fraudulent, the removing party bears the burden of showing: (1) that there is *no* possibility that the plaintiff will be able to establish a cause of action against the instate defendant; or (2) that there has been outright fraud in the plaintiff's pleading of the jurisdictional facts. *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992); *Laughlin v. Prudential Ins. Co*, 882 F.2d 187, 190 (5th Cir.1989). "Fraudulent joinder must be established by clear and convincing evidence." *Grynberg Production Corp. v. British Gas, p.l.c.*, 817 F.Supp. 1338, 1346 (E.D.Tex.1993), *citing Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir.), *cert. denied*, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964).

■ A determination of fraudulent joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116 (5th Cir.1979); *Ford v. Murphy Oil U.S.A., Inc.*, 750 F.Supp. 766, 769 (E.D.La.1990). If a defendant has been fraudulently joined, his presence must be disregarded by the court when determining the existence of diversity jurisdiction. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101–02 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990); *Alcom Elec. Exch., Inc. v. Burgess*, 849 F.2d 964, 969 (5th Cir.1988).

#### B.

■ The Defendants contend that AGC themselves are liable for injuries and damages suffered by the Plaintiff. The Defendants are not alleging ostensible agency or ratification as theories under which they are proceeding against AGC. The Defendants would have this court pierce the corporate veil to find that a cause of action exists against AGC. This court declines to do so.

■ As a general rule, a court will not disregard the corporate fiction and hold a corporation liable for the obligations of its subsidiary except where it appears the corporate entity of the subsidiary is being used as a sham to perpetrate a fraud, to avoid liability, to avoid the effect of a statute, or in other exceptional circumstances when the corporate form has been used as part of a basically unfair device to achieve an inequitable result. *See Castleberry v. Branscum*, 721 S.W.2d 270, 271. (Tex.1986); *Lucas v. Texas Indus., Inc.*, 696 S.W.2d 372, 374–75 (Tex.1984); *Torregrossa v. Szelc*, 603 S.W.2d 803, 804 (Tex. 1980). Specifically, the corporate fiction is disregarded when, among other reasons, a corporation is organized and operated as a mere tool or business conduit of another corporation. *Castleberry*, 721 S.W.2d at 272.

However, there must be something more than mere unity of financial interest, ownership, and control for a court to treat the subsidiary as the alter ego of the parent and make the parent liable for the subsidiary's actions. *Lucas,* 696 S.W.2d at 374. Merely showing a blending of activities between the parent and subsidiary, such that they may have had some or all of the same directors or officers, filed consolidated income tax returns, shared the same corporate logo, conducted inter-corporate business, or officed in the same building, is not alone sufficient to make the parent liable. See *Lucas,* 696 S.W.2d at 376; *3–D Elec. Co. v. Barnett Constr. Co.,* 706 S.W.2d 135, 139–40 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *Mortgage and Trust, Inc. v. Bonner & Co.,* 572 S.W.2d 344, 350 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

In the present case, the only evidence offered to connect AGC and AGLA are several newspaper articles submitted by the Plaintiffs and a photocopy of a portion of an insurance policy issued by Life and Casualty Insurance Company of Tennessee (which merged into Gulf Life Insurance Company in 1991, then a subsidiary of AGC Life Insurance Company). The articles indicate that executives are transferred between parent and subsidiary and that AGC relies upon the profitability of its subsidiaries. On the other hand, the Defendant has put forth clear and convincing evidence that AGC and AGLA are separate entities which have their own purposes, officers, directors, management personnel, and employees. (Response to Plaintiffs' Motion to Remand, Craig Affidavit, p. 2). Further, AGC is not engaged in the business of selling insurance and there is no evidence which shows that AGC fraudulently induced the Plaintiffs. The Plaintiffs' claims are not supported by evidence sufficient to show that the parent/subsidiary relationship had been used as part of a basically unfair device to achieve an inequitable result, or that the subsidiaries were organized and operated as mere tools or business conduits of the parent.

The Plaintiffs further argue that AGC is liable due to the inclusion of a corporate designation on the policy. Just below the Life and Casualty letterhead is the phrase "A member of the American General Group" which is written in much smaller type. There is nothing on the face of the insurance policy provided by the Plaintiffs which would evince that AGC warranted the policy—none of the language in the policy so indicates. As the Defendants properly illuminate, the use of a corporate designation on a policy is insufficient as a matter of law to establish the liability of the parent. See *American Eagle Ins. Co. v. United Technologies Corp.,* 48 F.3d 142, 147 (5th Cir.), *rehearing granted on other grounds,* 51 F.3d 468 (5th Cir.1995).

In conclusion, this court holds that there is no evidence to support disregarding the corporate separateness of AGC from AGLA, its wholly-owned subsidiary. The Defendants have provided clear and convincing evidence that AGC was fraudulently joined and the case has been properly removed.