**Albert Louis AHRENS, et al.**

v.

**TPLC, INC., et al.**

**Civil Action No. 96–3663.**

United States District Court,
E.D. Louisiana.

Feb. 10, 1997.

---

Rodney Glenn Cater, Jennifer N. Willis, Cater & Willis, New Orleans, LA, Phillip T. Hager, Phillip T. Hager, Attorney at Law, Metairie, LA, for plaintiffs.

Richard John Tyler, Mark W. Mercante, Jones, Walker, Waechter, Poitevant, Carrere & Denegre, New Orleans, LA, Charles P. Goodell, Jr., Donald L. DeVries, Jr., Andrew Gendron, Goodell, DeVries, Leech & Gray, Baltimore, MD, for Telectronics Pty. Ltd., Telectronics Holdings, Ltd., Ball Medical & Associates, Inc., Accufix Research Institute, Inc., TPLC Holdings, Inc.

Lawrence Lee McNamara, Albert Kirk Gasperecz, Adams & Reese, New Orleans, LA, for Nucleus Ltd., Pacific Dunlop Ltd.

### ORDER AND REASONS

CLEMENT, District Judge.

Before the Court is plaintiffs' motion to remand. For the reasons set forth below, plaintiffs' motion is DENIED.

### BACKGROUND

On October 11, 1996, plaintiffs filed suit against several defendants including Ball Medical Associates, Inc. ("Ball"). Plaintiffs are Louisiana residents who were implanted with pacemaker leads known as Accufix Atrial J-leads ("the leads"). TPLC, Inc. ("TPLC") and its related companies manufactured the leads and are completely diverse from plaintiffs. Ball acted as TPLC's exclusive sales representative for the leads in a multi-state area in the Southeastern United States and, as a Louisiana corporation, is the only non-diverse defendant. Ball's sales representatives marketed the leads directly to hospitals and doctors, displayed the products to physicians, and demonstrated the proper use of the products. Ball sales representatives also attended the surgical procedures to implant the leads. Ball's sales representatives, however, did not sell the leads directly to plaintiffs. Instead plaintiffs bought the leads directly from the hospitals when they were billed for the leads as part of their hospital stays.

On November 8, 1996, defendants filed a notice of removal which alleged that plaintiffs had fraudulently joined Ball and that, accordingly, diversity jurisdiction existed. Plaintiffs now seek to remand the action to state court and seek attorney's fees and costs.

### ANALYSIS

Motions to remand venue from a federal district court to a state court are governed by 28 U.S.C. § 1447(c). Section 1447(c) provides, in part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Section 1441(a) permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of establishing the existence of federal jurisdiction. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). Removal raises significant federalism concerns and must be strictly construed. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988) (citations omitted); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979) (axiomatic that ambiguities are generally construed against removal).

Moreover, the removing party bears a heavy burden in demonstrating the fraudulent joinder of non-diverse defendants and must demonstrate that there is no possible way that plaintiff would prevail against the non-diverse defendant in state court. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir.1994)

(citing *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981)). In determining whether plaintiffs have fraudulently joined a non-diverse defendant, the Court must construe all ambiguities in the controlling state law and all disputed questions of fact in favor of plaintiffs. *Id.* While the Court should not "pretry" the case, it may consider summary judgment type evidence. *Id.* Whether or not plaintiffs fraudulently joined the non-diverse defendant is based on an analysis of the causes of action alleged in the state court petition at the time of removal. *Kasprzak v. American General Life & Acc. Ins. Co.,* 914 F.Supp. 144, 146 (E.D.Tex.1996); *Tenner v. Prudential Ins. Co. of America,* 872 F.Supp. 1571, 1572 (E.D.Tex.1994); *Haines v. National Union Fire Ins. Co.,* 812 F.Supp. 93, 96 (S.D.Tex.1993); *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 116 (5th Cir.1979) (whether case properly removed is determined by reference to the allegations in plaintiff's state court pleadings).

■ Plaintiffs' sole allegation against Ball in its state court petition at the time of removal was one based on the Louisiana law of redhibition. Under Louisiana's law of sales, redhibition permits a buyer to rescind a sale, in whole or in part, because of a redhibitory defect or vice in the product. La.Civ.Code art. 2520 *et seq.* While a claim in redhibition does not require privity between plaintiffs and defendant, *see Media Pro. Consult. Inc. v. Mercedes–Benz of N.A., Inc.,* 262 La. 80, 262 So.2d 377 (1972), a redhibitory action can only be between a buyer and seller. *See Newbaker v. Lanier,* 497 So.2d 355, 359 (La.App. 3rd Cir.1986) (redhibitory action is between buyer and seller); *Ernestine v. Baker,* 515 So.2d 826, 828 (La.App. 5th Cir.1987) (same); *Josephs v. Austin,* 420 So.2d 1181, 1183 (La.App. 5th Cir.1982) (same); *Leflore v. Anderson,* 537 So.2d 215, 219 (La.App. 4th Cir.1988) (same). The question then becomes whether Ball was a seller of the leads as contemplated by the law of redhibition. As explained below, the Court finds that it was not.

■ In opposing remand, defendants argue Louisiana courts have consistently held that to be a seller under the law of redhibition, a transfer of ownership must take place. The Court agrees. *See Josephs v. Austin,* 420 So.2d at 1183 (redhibitory action only between buyer and seller who has some legal ownership interest); *Newbaker v. Lanier,* 497 So.2d at 359 (same); *Duplechin v. Adams,* 665 So.2d 80, 84 (La.App. 1st Cir. 1995) (same); *Ernestine v. Baker,* 515 So.2d at 828 (redhibitory action cannot be maintained against agent who was not an owner). *See also* La.Civ.Code art. 2439 (defining "sale" as "a contract whereby a person transfers ownership of a thing to another") (revised effective 1995, but recodifying existing law). Plaintiffs have submitted no evidence to controvert Warren Ball's deposition testimony that Ball did not purchase the leads from TPLC for re-sale.[1] Since Ball's lack of ownership interest in the leads is undisputed, Ball cannot be a seller for the purposes of redhibition.

Rather than disputing Ball's lack of ownership interest in the leads, plaintiffs advance several other arguments as to why they have an arguable claim against non-diverse defendant Ball. These arguments include: (1) distributor liability under *Media* and its progeny; (2) technical advisor liability under *State ex rel. Guste v. Napasco Intern., Inc.,* 431 So.2d 13 (La.App. 4th Cir.1983); (3) adoption of the Louisiana Product Liability Act's ("LPLA"), definition of "seller"; (4) denying the application of the Louisiana jurisprudential requirement of an ownership interest to their claims; (5) liability under an undisclosed agency theory; and (6) the terms of the Sales Representative Agreement demonstrate that Ball was a seller. None of these arguments, however, have merit.

■ Plaintiffs' reliance upon *Media* and its progeny to establish a form of independent distributor liability under redhibition is misplaced. None of these cases upon which plaintiffs rely directly address the ownership requirement of being a seller in a redhibitory

---

1. Nor have plaintiffs submitted any evidence to controvert the fact that TPLC, not Ball, billed the hospitals directly; provided the warranties for the leads; set the price for the leads; and had final approval on the acceptance of all orders submitted by Ball's independent sales agents.

action. These cases[2] simply hold that a redhibitory action does not require privity between plaintiff and defendant and that a distributor may be treated as a manufacturer under certain facts. These cases do not create independent distributor liability in a redhibitory action. Moreover, while these cases do not directly address ownership by the seller, the facts of two of those cases suggest that, at some point in time prior to sale, the distributor defendant actually possessed an ownership interest in the product sold. *See Media*, 262 So.2d at 378–79 ("importer transferred the automobile to . . . distributor" who "prepared it for sale to a dealer"); *Buteau*, 591 So.2d at 1263 (importer "transferred" engine to distributor who in turn sold it to dealer and "invoice from [distributor] to [dealer] which was stamped 'For re-sale' "). As discussed above, post-*Media* holdings by Louisiana appellate courts have consistently required an ownership interest on the part of a seller in a redhibitory action. While many of these cases involve real estate agents, the Court disagrees with plaintiffs' unsupported conclusory statements that these post-*Media* holdings do not apply to plaintiffs' claims against Ball. *See Newbaker*, 497 So.2d at 359 (defendant car dealership not liable in redhibition where it never had ownership interest in vehicle). In short, plaintiffs have offered no authority to create any ambiguity in Louisiana jurisprudence concerning the ownership requirement to be a seller in redhibition. Plaintiffs' technical advisor and undisclosed agency theories of liability are equally unavailing on both procedural and substantive grounds. Procedurally, plaintiffs alleged no claims based on those theories in their state court petition at the time of removal. Substantively, plaintiffs do not have claims against Ball under either of the theories. In *ex rel. Guste*, the defendant, unlike Ball, had an ownership interest in the product sold. Defendant sold the product directly to plaintiff and recommended it to plaintiff even though the plaintiff had wanted an enzyme and the product was not an enzyme. While the court in *ex rel. Guste* found defendant's technical advice and recommendation to plaintiff to be important to its determina-

tion that the product had a defect and defendant should have known about that defect, the court did not abolish the ownership requirement to be a seller in a redhibitory action.

In *Travis v. Hudnall*, 517 So.2d 1085 (La. App. 3rd Cir.1987), the court, relying on Louisiana Civil Code Article 3013, did find defendant liable based on an undisclosed agency theory even though defendant did not possess an ownership interest in the product sold. The court did not explain, however, whether or not liability without ownership under this undisclosed agency theory was distinct from liability under redhibition or, if not, how it reconciled its decision with prior holdings that required ownership in a redhibitory action. *See e.g. Newbaker v. Lanier*, 497 So.2d at 359 (no personal liability for undisclosed agent in redhibitory action against agent where agent possessed no property interest in item sold). Even if plaintiffs had alleged liability under an undisclosed agency theory in their state court petition and if *Travis* could be read so broadly as to permit a redhibitory action against an undisclosed agent who lacks ownership in the item sold, plaintiffs have not alleged nor have they submitted any evidence that Ball's sales activities on behalf of TPLC would give rise to an undisclosed agency claim in redhibition. There is no evidence that the doctors and hospitals with whom Ball's sales representatives interacted had any doubt that Ball's sales representatives were procuring sales for TPLC. Moreover, unlike the defendant in *Travis*, Ball's sales representatives had no direct dealings with plaintiffs. Consequently, plaintiffs do not have a claim against Ball under an undisclosed agency theory.

■ Plaintiffs' argument that the Court should use the LPLA's definition of "seller" in this redhibitory action is unpersuasive. Plaintiffs have provided no authority in support of why the Court should use the definition of seller contained in the LPLA, upon which none of plaintiffs' claims against Ball rely, instead of the established jurispruden-

---

2. *Media*, 262 So.2d 377 (1972), *Buteau v. Leleux*, 591 So.2d 1261 (La.App. 3rd Cir.1991), and *Hoy-* *chick v. Gulf States Toyota, Inc.*, 386 So.2d 681 (La.App. 3rd Cir.1980).

tial definition of seller under redhibition, the only theory upon which plaintiffs' claim against Ball relies. Accordingly, the Court declines to adopt this novel definition of seller for the purposes of a redhibitory action.

■ Nor does plaintiffs' reliance on selected excerpts of the August 29, 1986 Sales Representative Agreement between Ball and TPLC (the "Agreement") establish that Ball is a seller under redhibition. The Agreement does not provide for Ball to obtain any ownership interest in the leads. It simply requires Ball to make its best efforts to procure sales of the leads on behalf of TPLC. As the exclusive sales representative of TPLC for the leads, Ball cannot be a seller under redhibition when it had no ownership interest in the leads.

■ At the time of removal, plaintiffs' only claim against Ball was in redhibition. Such a claim can only exist between buyer and seller and to be a seller under redhibition, defendant must have had an ownership interest in the product. *Media* may have dispensed with the requirement of privity between plaintiffs and defendant, but it did not abolish the requirement of ownership to be a seller under redhibition. Plaintiffs have made no allegations and have submitted no evidence that Ball possessed an ownership interest in the leads. Accordingly, there is no possibility that plaintiffs can maintain a redhibitory action against Ball. For these reasons, as explained more fully above,

IT IS ORDERED that plaintiffs' motion for remand is DENIED.